Good morning, Your Honors. May it please the Court, my name is Denora Gonzalez. I represent David Peake, Chapter 13 trustee. The issue presented by today's appeal is whether the Chapter 13 trustee has a valid objection to a claimed exemption of 100% of the fair market value of a particular asset up to the statutory limit when the asset at issue is not one that includes disability benefits. In resolving the issue, the Court will necessarily have to decide whether the new Schedule C as amended on December 15, 2015, which allows it to be found— I mean, I'm not a bankruptcy lawyer, but what keeps the trustee from objecting to anything he wants to object to? In other words, I understand that you made your objection, but on its face it seems to satisfy the statute and your objection is overruled. But why can't he further object, look, this is not clear at all, and I object to it because it can be misconstrued in such a way that will be detrimental to the estate. Why can't he make an exception beyond the face of the exemption? He did object. We complied with what Schwab says to do. If there is ambiguity on Schedule C, it is the trustee's duty to object within a short period of time, 30 days, to the appearance and the facial validity of Schedule C. Why can't he — why is he precluded from objecting to the exemption beyond the facial validity? He's not precluded, Your Honor, but we— And he did in this case, right? Exactly. We did object on every ground that not only was the Schedule ambiguous on its face, we couldn't determine whether or not each one of the claimed exemptions had exceeded the statutory allowance. It's the— All right. When someone files Chapter 13 under Section 541, all of the debtor's property becomes property of the estate. We use Chapter 5 for exemptions, but we have to apply it to different chapters of bankruptcy, Chapter 7 and Chapter 13. I'd like to point to this Court that Chapter 7 and Chapter 13 are very different from each other, and I'd like to remind this Court, what is — I mean, I initially have a good — a lot of problem kind of figuring this case out, why the trustee is upset about this. Why can't a debtor make the exemption in the words that he did in this case, and then you take exception to it and say, I won't — I ask for a statutory — I mean, I ask for the statutory exemption to be defined in a monetary amount. That's exactly what we did. Okay, and so you did, and what happened? The Bankruptcy Court saw things differently, and the Bankruptcy Court interpreted the new Schedule C with the checkbox saying that the debtor could exempt 100 percent of the fair market value of the asset up to the statutory limit, and because of that new caveat of up to the statutory limit, then none of the assets could possibly exceed the statutory limit, which does not make sense when you read all of the exemption schedules together. Exemptions do not operate in a vacuum. We've got to be able to read the D-1, which is limited for the house — the homestead. We've got to read that with D-5, which is not — Your — I understand — I understand your argument is not so much the legality of the phrasing of the exemption, but is the additional work that it puts on the trustee to try to figure out the amounts that are being claimed. Is that — what — I mean, what are we arguing about here? The new Schedule C is against the intents and purposes of Chapter 13 on both grounds. It is — it purports to give a debtor rights that are not enumerated by Congress, that are not enumerated — But it doesn't give those rights to a — I mean, the — It does, in the fact that — I mean, to bear words, 100 percent of fair market value up to any applicable statutory limit prejudices the trustee only if you don't make an — an objection to the exemption within 30 days. And I understand then, within 30 days, I suppose the — the residence or the property becomes the property of the debtor and not of the estate. But, Trustee, it takes issue with that — with the phrase that your Honor just used, which becomes property of the debtor and not of the estate. There is no statutory authority for the removal of assets from a Chapter 13. The Court might be thinking of Chapter 7s, where there is a liquidation that occurs. Remember, in Chapter 13, the trustee — we have no assets. We can only deal in cash. So the debtor has control and possession of all of the items of their estate. Because in a 13, the — in a 13, the bankruptcy estate — I mean, the — yeah, the bankruptcy estate does not take control of the debtor's estate. Correct. We don't have it. Any control over it. Right. It remains in the possession and control of the debtor at all relevant times. And the amount that is excluded, according to the language of Schwab, excluded from the estate, not removed, is only protected from creditor action. So that is the amount that the debtor gets to protect, the amount, not the asset that a debtor gets to protect. It's the interest in property, Your Honor, and not the property itself that the debtor gets to protect in Chapter 13. Okay. So what is the practical effect of this, then, is that he keeps his house that's worth $100,000, but he only has, say, $25,000 — if he has $25,000 interest in the house, then $22,000 is the amount of the residential exception. Is that right? Yes. They get to keep $23,000, yes. And so the $3,000, between the $25,000 and the $22,000, would be subject to satisfying his debts with his creditors. Is that what you're saying? Under the Federal scheme, yes, Your Honor. And I'd like to remind you, this debtor has two partials of real estate. Yeah, I see that. Yeah. I've got the — Which they're trying to protect all under the guise of this 100 percent fair market value up to the statutory limit. Do you have a question? Was there any discussion by the advisory committee when it formulated this schedule about Chapter 13? Was that addressed at all by the committee? There was a lot of discussion and the issues that this would create in Chapter 13, which is why the second portion of that checkbox was added, to some degree to try and alleviate the concerns of the Chapter 13 trustees, which hollered at the creation of this new checkbox. Our position is that the advisory committee still got it wrong. They did not go far enough because we still can't do — we, the Chapter 13 trustees, still can't do the exemption math. We can't read them altogether. I remind the Court that every exemption in the Federal scheme has an aggregate limit. So I've got to be able to determine whether or not any debtor exceeds on their tchotchkes, on their cars, on their household, their jewelry, whether or not it hits a certain limit. And by adding that second caveat of up to the statutory limit, it makes the asset appear as if it's in a vacuum and not read together with the rest of Schedule C. Unfortunately, bankruptcy is all about numbers. You have it on everywhere from eligibility to the budget to the applicable commitment period to the planned payment amount in Chapter 13. We can't go writing out the numbers in Schedule C where it's one of the most important parts of the Chapter 13 process and say that we create a checkbox there. If we followed that all the way, Your Honors, then why don't we just have all checkboxes for every portion of the Schedule? Checkboxes — checkboxes themselves are inappropriate in Chapter 13 proceedings. Is that what you're saying? I'm saying that this form, as it appears with that checkbox, is a bad form. It's inappropriate. Okay. But again, I have a trouble grappling what the legal issue is before the appellate court. It's — you're saying it's inconvenience, but is this something that the advisory — the advisory committee has resolved and we should be involved in it? No. No, I don't think that the advisory committee has resolved it. All right. Now, let me ask you this question about the — is all these notes that you — the discussions behind the advisory notes, is that available to us to review and study to try to grapple with this issue ourselves? To some degree, it is available, and some of it is online. But the advisory committee has set up, from my reading, to interpret the statute. In their meetings on this new checkbox, they will tell you it says you can find it. They were interpreting the case Schwab, not the statute. So, in essence, they went one step too far, not interpreting what the rule of the law is, the code, which is very plain to make out what the limits are. They were instead interpreting Schwab as is interprets the code, and I think that's where the language got lost. Speaking of Schwab, in connection with this appeal, the bankruptcy court certified a question to us. Is that right? Yes. And that question is, may a debtor claiming Federal exemptions under Section 522 of the Bankruptcy Code ever exempt a 100 percent interest in an asset? That's the question we've — that's been certified to us to answer, right? And doesn't Schwab v. Riley answer that in the affirmative? No, Schwab v. Riley says you cannot take a limited interest exemption and turn it into an in-kind exemption, which is all of the exemptions that have been claimed by the debtor, they are limited interest up to a certain dollar amount. The only things that a debtor — It doesn't say that a debtor may exempt the full fair market value of the asset or the asset itself by declaring the value of her claim exemption in a manner that makes the scope of the exemption clear. It's a — for instance, Your Honor, that is not the mandate in Schwab. Schwab was about notice and what it would take to have triggered a required objection by the Chapter 13 trustee. Those are two sentences in Schwab. It is — been interpreted as a, for instance, by the way, for example, you might could try this to trigger an objection. But it does not in any way say, this is okay, this is how you do it, step one, step two, step three. And if you read Schwab altogether, the rest of it is replete with statements about limited interest exemptions and how you cannot convert them to in-kind exemptions. And this issue came — has come up with all of the courts before or right after Schwab. Several of the debtors tried exempting things with 100 percent fair market value. And across the country, every court said, no, you can't do that. What the debtor relies on today is the fact that there has been a new part of that checkbox that was added to say up to the statutory limit. But the code didn't change. The rules that we have to function under have stayed the same. If it wasn't okay right after Schwab, it's not okay still with this new checkbox. I have been in this Court before, and when I was here before, I was talking to Your Honors about mortgages and how important they are in bankruptcy and how they're paramount, et cetera, et cetera, et cetera. And I was corrected by the Honorable Judge Haynes, who said, she appreciated my thoughts on mortgages, but in this Court, code is king. That is what I'd like to remind Your Honors. The code specifically says you don't get to do this, debtor. And we're asking that the bankruptcy court be in the statutory language. Which would be what? To fix the values on their Schedule C, to declare a stated value for their exemptions for each item. Okay. But what if they says we claim 100 percent of the fair market value up to $22,000? Is that what? I don't even know what fair market value is. Fair market value is not defined anywhere in the code. It's the difference between the two. Well, if we assume here, for example, Lexington Place is valued at $179,000, and I suppose the suggestion is that that's the fair market value of that particular piece of property. What if you say I exempt, I claim as an exemption this property up to $22,000? What does that do? That's still a problem because we don't just have that one asset in bankruptcy. We now have items that the debtors get to exempt depending on how much, if any, value is left for them to use under D-5. So if you claim the full value under D-1, then there is nothing for D-5. But debtors will have necessarily made claims in all of the statutory availability. So I can't read those separate and together to just say they're all at their max because they will have hit the aggregate limits. So what you are suggesting here is that Lexington Place, where they claim as an exemption Lexington Place, and they say the value of it is the current value of the portion that you own, $179,560, you would just say $550 is what we're claiming on that? If that's what they're claiming, yes, Your Honor. The burden belongs properly with the debtor. Why would it belong anywhere else if they are the ones that are claiming the exemption? They get that at the end of this. That's what you want. The amount of the exemption you're claiming with respect to this particular piece of property. Exactly. Because the debtor retains that property itself. Exactly. Yes, Your Honor. Okay. Well, I don't know whether I understand it yet or not. Thank you. I'm going to try. Go ahead. Ms. Tran. Good morning, Your Honor. Susan Tran here on behalf of the appellee, Ms. Nancy Iobami. Your Honor, the two main issues before this Court today are whether the bankruptcy court was correct in finding that Ms. Iobami properly claimed as exempt certain interest in property utilizing the 100 percent fair market value up to any applicable statutory limit notation on the revised Schedule C, and whether the exempted assets were withdrawn from the case. Okay. Now, why shouldn't you put, as she says, I mean, everything is in Chapter 13. Everything is in monetary amounts. Now, why shouldn't you be required to say exactly how much you are claiming? Well, Your Honor, the Code provides — the Code does not specifically state that in limited interest exemptions, a debtor must enumerate the specific value. The Code just provides a valuation. Well, why shouldn't you? Why shouldn't you? What are you trying to get — what are you trying to get around? What are you trying to avoid the trustee asserting against you? Well, Your Honor, the debtor is not attempting to avoid anything. If anything, based on Judge Isker's memorandum opinion, he ordered Ms. Iobami to value her 100 percent fair market value interest. It is the record — What was the effect of that? Yes. The record on appeal at 47, the Debtor Supplemental C, the debtor not only lists — not only checks the 100 percent fair market value checkbox, but also assigns a numerical value as to that interest. Okay. What is the practical difference in following the method that you have suggested and have employed here and the method that the trustee suggests of assigning the actual amount you're claiming? Your Honor, it's our contention that in checking — What's the difference? In checking the 100 percent fair market value exemptions, it actually aids the trustee in not having to object to the exemptions as they're per se unobjectionable. Okay. But I know you're not trying to do the trustee any favors. What is the benefit for you? The benefit is that the debtor is electing an interest that is up to the statutory cap in the event that there are fair market fluctuations or interest fluctuations. Well, what is the statutory cap? The statutory cap depends on what the particular asset is. If the debtor is attempting to exempt, say, the entire asset like a professionally prescribed —  So why shouldn't you say how much you are trying to exempt? Why are you trying to put that on the trustee to try to figure out when you are the one that is claiming the exemption? You're claiming, I'm claiming this exemption. How much is the exemption you're claiming? Right. Why shouldn't you say that? Well, the practical effect is that for every asset the debtor is claiming 100 percent fair market value, the exemption amount would be the statutory cap per the item that is being exempted. Why shouldn't you be able to state whatever you — that amount in dollar figures? So the debtor could — could write the statutory limitation per item on another column of the Schedule C. That would cause some confusion as to certain debtors, like, say, pro se debtors, that do not know the statutory limits for each exemption. Well, as a lawyer, I mean — Well, right. As a lawyer, we can easily do that. But for pro se debtors in general, they do not know the statutory limitations on — on a — on a vehicle or on a homestead. Yeah, but I mean, a pro se debtor is not likely to know what we mean by 100 percent of fair market value up to any applicable statutory limit, since we certainly don't know what it means. The pro se guy is not going to know what it means, either. Well, for the — for the pro se debtor, it just makes it easier that he can never claim an — an — an exemption that exceeds the statutory limitation. The trustee can easily determine whether the statutory cap is exceeded or not just by simply inputting the value of the debtor's interest in the debtor — in the trustee's software, such as we do when we prepare our schedules. Whatever — But you still have not told me, at least I've not understood it. You may have told me, and I'm just not picking up on it. But what is the advantage that you hope to get from phrasing it this way, as opposed to designating the specific monetary amount you are claiming? When we are claiming the 100 percent fair market value interest, we are claiming the interest as exempt, not the dollar figure as being exempt. I understand that. And we — I'm saying — In the event that we do have post-petition appreciation, it will go to the debtor. So that's what it's all about. Because in this case, are we talking about real property? We're talking about several items of property, Your Honor. But post-petition appreciation actually isn't — So it's not all real property. That's my question. It's not all real property. That's what we're talking about. Right. And so — well, let's take the real property. Does the real property — does title remain with the debtor? No. Goes to the trustee. Yes. Irrespective of the amount of exemption. If you claim any exemption at all, it goes — the title still goes to the debtor. If you claim no exemption, it will go to the debtor. I mean, to the trustee. To the trustee, yes. Yes. The estate. Yes, Your Honor. All right. Well, let me just tell them that you — that in Chapter 13, it's different from other bankruptcy proceedings in the sense that you retain title to all of the property that you have. You don't — the bankruptcy does not — I mean, that unlike the usual argument that the bankruptcy — that the bankruptcy court becomes — I mean, the bankruptcy estate becomes the owner of all the Chapter 13's property, we're told that's not the case. Well, Your Honor — In Chapter 13. In Chapter 13, it depends on the particular exemption that the debtor is claiming. But, I mean, his property, whenever you follow Chapter 13, you keep your house, you keep your car, you keep all of the things that you're claiming here. Well, title still remains with the estate. Beg your pardon? The title still remains with the estate unless it is withdrawn under 522. With here, for this specific — So, in other words, you can't get rid of it without the approval of the bankruptcy attorney? Right, Your Honor. Whenever debtor files bankruptcy, all title vests in property of the estate until it is later exempted. Here, because Ms. Ibami selected Federal exemptions, certain assets are withdrawn from the estate in its entirety based on if it's a, you know, in-kind exemption as the trustee — Well, are all exemptions, then — are all exemptions withdrawn from this estate? Well, the exemptions — the exempted interests are withdrawn from the estate, not always the assets themselves. Is the issue that we have on appeal really — But what you're doing is withdrawing the entire 100 percent of the fair market value from the estate, then. No, we're just withdrawing the debtor's interest in the property, not the asset itself. The asset itself will still remain with the estate depending on what particular exemption the debtor claims as exempt or what particular asset the debtor claims as exempt. In this particular case, most of the issues raised on appeal are with the debtor's usage of the limited interest exemptions. For example, if the debtor were to exempt her interest in a vehicle, which has a statutory limitation of — and I don't have the numbers off the top of my head, but let's just say $3,000. The practical effect of the 100 percent fair market value election is that in the event that the debtor were to claim a vehicle — her interest in a vehicle that exceeds the statutory limit, the trustee would not have to object to the exemptions, as she's per se limited by the statutory limit of $3,000, for example. That would lead a $7,000 non-exempt portion of the asset, correct? And what the trustee then should do is object to confirmation, not object to the exemptions as they're unobjectional per se. What the trustee then should do is look at the debtor's plan to determine whether the debtor's providing at least $7,000 to the general unsecured creditors or not. It's our belief that the new form actually makes case administration a lot easier for the trustee, as the trustee's main issue is that the form is a lot more work for them. But in reality, the trustee only has to object to confirmation, not confirmation and the debtor's exemptions. Well, is that — is that what — what is bothering the trustee so much about this, this method of calculating the exemption? I believe that initially what bothered the trustee was the fact that the original — original amended Schedule C that the debtor filed just only said 100 percent for market value and did not have any information as to the value of the asset or the exemption amount claimed or taking into account lien amounts on the particular assets being exempted. But then you amended and provided that. Yes, Your Honors. And they're still upset. Yes. All right. Despite the fact that we now included — Did you provide specifically the amount, the monetary amount — Yes. — of the exemption you were claiming? The monetary amount of the debtor's 100 percent for market interest. Yes. Wait. Whoa, whoa. Did you claim the specific amount of the exemption, like on Lexington Place here? Right. Did you say — when you say 100 percent of fair market value up to any applicable statutory limit, X number of dollars? No. It just says the checkbox. The amount is the 100 percent fair market value interest, and that interest is — You didn't provide — you didn't provide, as I understand what you're saying now, you did not provide them the specific amount that you were claiming, monetary amount. Your Honor, the 100 percent fair market value up to any applicable statutory limit is a very unique exemption. It is up to the statutory limit. It's either unique or — However, the debtor does provide the value of the interest. The interest is — the interest being claimed is, for example, on Lexington Place, $9,335.49. It is just — the up to any applicable statutory limit is basically just a cap that the debtor cannot exceed, but the interest that the debtor really is taking is $9,335.49. That is the — that is the exemption amount that the debtor is claiming. Your Honor — What did the bankruptcy judge say about all this? What was his rationale in ruling in your favor? The bankruptcy judge's rationale is that the 100 percent fair market value exemption is authorized by the new revised forms and the Supreme Court's decision in Schwalbe-Riley, which authorizes an interest in the property, not just a specific monetary value. The judge does go into specific detail in the analysis of Schwalbe, and Schwalbe is particularly important because the debtor in Schwalbe claimed a limited interest exemption in Cookware, and the Cookware exemption is under 522d6, which has a monetary limitation of, I believe, $3,000. And as you point out, Judge Graves, that the court in Schwalbe does go into detail stating the instructions as to specifically how to exempt 100 percent for market value interest or full fair market value interest in the asset is particularly important because the Supreme Court just could have said, hey, you're taking a limited interest exemption with a cap. That means you can only take a dollar interest versus a specific interest in the property or percentage interest. I find it very logical for the Supreme Court to go in great detail when they simply could have just said, no, you can't do that. Because of the Supreme Court findings in Schwalbe, the rules, the Bankruptcy Forms Committee did complete, did promulgate this new form to make it easier for a debtor to take 100 percent for market value interest. The issues with debtors before trying to claim 100 percent fair market interest is that it was never easy for a debtor to do so without exceeding the statutory limit or manifesting an intent to declare the interest in the property as exempt or the asset as exempt. And, Your Honor, once the assets are, once the exemptions are allowed at confirmation, the interests, the exempted interests are withdrawn from the estate based on 522 of the Bankruptcy Code and based on this Court's opinion in In re Lungo. And — Let me ask you, what — how would you articulate the argument that the trustee is making here? How do you understand the trustee's argument that we should cancel or that we should rule that this is in violation of the Bankruptcy Code itself? Your Honor, I don't believe that — I don't believe that the form is in violation of the Bankruptcy Code at all, because the trustee has no authority to show why a debtor — Well, what do you — I'm asking you, what do you understand her argument to be? I understand you disagree with it. I understand — I've — from the beginning, I've never quite understood the trustee's From the very beginning, it seems that the trustee has disputed the notion or disputed the legality of the 100 percent fair market value interest in general, and then now I understand the trustee's argument to mean that the debtor can only ever exempt a limited interest in the form of dollars and must always put down a value. And I believe that everything has been resolved already with Judge Isger's opinion stating that the debtor must itemize — must assign a numerical value as the debtor's interest in the — itemize the value of the fair market interest, which the debtor has done so. It really solves the same issue that the trustee had in the beginning by inputting the number of the — of the exemption amount. The — in the previous — So from your point of view, you have — you have addressed specifically the objection to this form that the trustee asserted. Yes. I believe so, Your Honor. That's — in going to one point, I — I would like to point out that based on the debtor addressing the trustee's objection by itemizing the numerical value as the interest by assigning a dollar value to the debtor's interest specifically, I don't believe that there is actually a controversy in question here. As the trustee did file an objection at Record on Appeal 45 stating that there are no values assigned to the debtor's 100 percent fair market value interest, right? But yet the debtor then filed a supplemental Schedule C, which now includes the assignment of numerical value as to that interest, which is the exemption amount at Record — Record on Appeal 47. However, the trustee did not ever amend the objection further, and at the hearing on confirmation, the judge — judges were orally — overruled the trustee's objections, but the trustee did not appeal any order overruling the trustee's exemptions, nor did the trustee appeal the confirmation order, which did not disallow or allow the trustee's objection or allow the exemptions. When the bankruptcy judge said that the — that the form here was unobjectionable, what did it mean by that?  Did he make — did he make that statement, or she make that — he, isn't he? But, yes, he did. He made that statement after the specific monetary amount was furnished? Yes. After the — the judge required a specific monetary assignment as to the interest to aid the trustee in case administration. But the form is — And so, I mean, when he said it's unobjectionable, he meant that 100 percent of the fair market value up to any applicable statutory limit in the amount of $9,323 is unobjectionable, after the — Right, Your Honor. I — it is our contention that the 100 percent fair market value interest is per se unobjectionable and does not require the trustee to object within the 30 days from the meeting of creditors. I believe that the true issue in this case that the trustee takes is more of a valuation issue as to whether the interest that the debtor is claiming as exempt or the dollar figure that the debtor is claiming as exempt exceeds the statutory limit, which could quickly be resolved by the trustee examining the debtor at the meeting of creditors, which he's entitled to do so and has a duty to do so and requests appraisals from the debtor regarding the valuation of the property. And ultimately, at the end of the day, it is the debtor's ultimate burden, that confirmation to prove up that all the elements of confirmation were met, including that the best interest test was satisfied, meaning that the exemption interests were within the statutory caps. Where the specific dollar amount is provided, as you have indicated, was done. That was not done on the form. That was done elsewhere. It was done on the supplemental form. On the supplemental form. Yes, on the supplemental format of record on Appeal 47, Judge Smith. All right. And earlier you spoke of the significance of any appreciation in the value of the property. So when that value is listed on the form and the property appreciates, then does that amount change? No, the amount does not change, Your Honor, because once the exemptions are allowed, that interest is withdrawn from the estate. However, there really is no evidence of postpetition appreciation on this one on the record, so I don't believe it. Well, I understand, but if there were, we're talking about ruling here on validity of this form, possibly, in this case. So I'm just wondering how it would work if the property were to appreciate in some significant value. Right. Your Honor, if the property were to appreciate, just to go back to my example on the hypothetical about if the debtor were to claim a — were to check a 100 percent for market value interest in a vehicle where the statutory cap is 3,000 and the debtor assigns an interest of $10,000, for example. That's a $7,000 non-exempt portion that the debtor must pay per the best interest set to the creditors, right? But there — if that car were to appreciate, then the debtor would — would essentially retain the appreciation in the vehicle upon the sale. However, there is also a very realistic possibility that that vehicle may depreciate and the — and the debtor must sell that property, right? Just because the car — just because the debtor was entitled to retain the statutory cap of 3,000 originally, if he now sells the car for $1,000, that's a $2,000 loss that he eats up on top of having to have already paid $7,000 to the general and secured creditors because values determine on the date of filing. I say that I'm out of time, Your Honors. Roberts. Okay, Ms. Tran. Thank you very much. Ms. Gonzalez, we'll hear from you. Gonzalez. Your Honors, I wanted to clarify when the Court asked about the rationale of the bankruptcy court. Judge Isger recognized all of the decisions that have gone in the other way — Massey, Salazar, Leckham, et cetera, et cetera, et cetera — and then distinguished those cases by saying those were before the form. It is the trustee's position, and the correct position is that the form did not create new law. The code is the code, and the code remains the same before this form and after this form. So that is the error. Okay. What specific provision of the code does the form violate? It allows the debtors to not fix a value of the exemption. And what — tell me how the code is violated. What specific provision of the code is violated? It prohibits the trustee from administering the cases in the way that he needs to by making a recommendation on confirmation. We can't even get there. Give me a section of the code that this violates. It takes a limited-interest exemption, which is D-1, 2, 3, 4, 5, 6, 7, and 8, 522, and it creates an in-kind exemption where the code specifically only grants a limited-interest exemption. It says you can now exempt the entire asset, which is not allowed by the code. Well, how is it an in-kind exemption? Because it's been treated as a limited exemption because you — by the specific amounts that they are assigning to each of the exemptions. It's an in-kind exemption because — They're not exempting the whole house. But they are. They're saying full fair market value. Isn't that the whole house? Up to the exempted limit in the amount off, and then they give you the number that you wanted. Remember, Schwab says all the trustee needs to do is look at three columns, the description of the property, the law, which the debtor is claiming to use for their exemption, and the value. That third one is missing. On everywhere where the debtor checks a box instead of giving the — and all the interested parties a fixed value for the exemption. Well, that's what she says. She's furnished you with that. It's been added as a parenthetical on the side under the section where it says which statute are you using to your — to are you availing yourself. Why don't you like that? Because that's not in a proper place in the — Oh, yeah, yeah. Schwab says three columns, Your Honor, specifically. That — putting language on other places on the code — I mean, on other places in the schedule, we don't know what the legal ramifications are of that. And we argue that Judge Isbell was incorrect in telling the debtor, why don't you just go and add some extra language and use it as a king's ax to protect property that the debtor might not otherwise be able to protect. And as the debtor has claimed, it's because they're trying to get a benefit that the code doesn't give them. Okay. As I understand your argument, then, this form violates the code in the sense that it translates limited interest into in-kind interest. Correct. That's your argument. Yes. And if we say it does not, then you lose. Right. If the court says it does not, then we lose. It has to violate — in order to violate the code, in order for you to win, we have got to determine that this form translates limited interest into in-kind interest. And you've got — Yes, yes. Yes and no, if you can. Yes. That's what the court would have to rule. Okay. And that the debtor is — does not have to fix a value for their exemptions. I also want to touch on the issue of title. Well, that doesn't seem to be an issue before us because that's the — the amount has already been fixed. It is not, which is one of the questions that was certified. The specific number, the specific amount of each one of these exemptions has been provided by the debtor. Not in the manner that is required under either the schedule or the code. The debtor is required to fix a value of the exemption. They did not fix a value of the exemption. They checked a box, Your Honor. Well, they checked the box, and then they stated the value of the exemption. In an incorrect section of the — of the form, under where the form says, list the — the statute that you're claiming, they added some parenthetical, which we don't know what the legal ramification is. Can a debtor just type anywhere on Schedule C, whatever? So, let's get back. I didn't — I didn't understand the case to begin with. I mean, like, I didn't know what are you — so we're talking about a form. You don't like the form. And you're saying that if the form itself violates the provisions of the statute that separate in kind from limited interests, and if it doesn't, then you lose. Right. We're doing just what Schwab said to do. Okay. If somebody claims 100 percent fair market value, then the trustee is going to object. That's what Schwab said to do. That's what we did. But they said 100 percent of the fair market value up to any applicable. It doesn't say it. And it doesn't work. It doesn't say it claims the entire exemption. It doesn't work because we have to read them all together, Your Honor. Okay. We have to read all of the exemptions together. Okay. Thank you. I have to start to say I think I have your argument, but I'm not sure. So we call the next case of the day.